IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WATERMAN, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| MANDIANT, INC., ENRIQUE SALEM, | : SECURITIES EXCHANGE ACT OF 1934 |
| KEVIN MANDIA, KIMBERLY ALEXY, | : |
| SARA ANDREWS, RONALD E. F. CODD, | : |
| ARTHUR W. COVIELLO, JR., ADRIAN | : |
| MCDERMOTT, VIRAL PATEL, and | : |
| ROBERT SWITZ, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On March 7, 2022, Mandiant, Inc. ("Mandiant" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Google LLC ("Google") and Dupin Inc. ("Dupin") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Mandiant's stockholders will receive $23.00 in cash per share.

3. On March 31, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 15 U.S.C. § 78aa because the Proxy, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District. *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Mandiant common stock. Plaintiff resides in this District.

9. Defendant Mandiant is a Delaware corporation. Mandiant's common stock is traded on the NASDAQ under the ticker symbol "MNDT."

10. Defendant Enrique Salem is Chairman of the Board of Directors of Mandiant (the "Board").

11. Defendant Kevin Mandia is Chief Executive Officer and a member of the Board.

12. Defendant Kimberly Alexy is a member of the Board.

13. Defendant Sara Andrews is a member of the Board.

14. Defendant Ronald E. F. Codd is a member of the Board.

15. Defendant Arthur W. Coviello, Jr. is a member of the Board.

16. Defendant Adrian McDermott is a member of the Board.

17. Defendant Viral Patel is a member of the Board.

18. Defendant Robert Switz is a member of the Board.

19. Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20. Mandiant provides solutions that protect organizations against cyber security attacks, leveraging innovative technology and expertise from the frontlines.

21. On March 7, 2022, Mandiant entered into the Merger Agreement.

22. The press release announcing the Proposed Merger provides as follows:

Mandiant, Inc. (NASDAQ: MNDT) today announced that it has entered into a definitive agreement to be acquired by Google LLC for $23.00 per share in an all-cash transaction valued at approximately $5.4 billion, inclusive of Mandiant's net cash. The offer price represents a 57% premium to the undisturbed 10-day trailing volume weighted average price as of February 7, 2022, the last full trading day prior to published market speculation regarding a potential sale of the Company. Upon the close of the acquisition, Mandiant will join Google Cloud.

For the past 18 years, Mandiant has delivered unparalleled frontline expertise and industry-leading threat intelligence. Mandiant's more than 600 consultants currently respond to thousands of security breaches each year. Paired with research from more than 300 intelligence analysts, these resulting insights are what power Mandiant's dynamic cyber defense solutions – delivered through the managed multi-vendor XDR platform, Mandiant Advantage.

Google Cloud has made security the cornerstone of its commitment to customers and users around the world – building cloud-native security into the foundation of its technology to block malware, phishing attempts and potential cyber attacks at scale. The Mandiant acquisition underscores Google Cloud's commitment to advancing its security offerings to better protect and advise customers across their on-premise and cloud environments.

The acquisition will complement Google Cloud's existing strengths in security. Together with Mandiant, Google Cloud will deliver an end-to-end security

operations suite with even greater capabilities as well as advisory services helping customers address critical security challenges and stay protected at every stage of the security lifecycle.

"Cyber security is a mission, and we believe it's one of the most important of our generation. Google Cloud shares our mission-driven culture to bring security to every organization," said Kevin Mandia, CEO, Mandiant. "Together, we will deliver our expertise and intelligence at scale via the Mandiant Advantage SaaS platform, as part of the Google Cloud security portfolio. These efforts will help organizations to effectively, efficiently and continuously manage and configure their complex mix of security products."

"The Mandiant brand is synonymous with unmatched insights for organizations seeking to keep themselves secure in a constantly changing environment," said Thomas Kurian, CEO, Google Cloud. "This is an opportunity to deliver an end-to-end security operations suite and extend one of the best consulting organizations in the world. Together we can make a profound impact in securing the cloud, accelerating the adoption of cloud computing, and ultimately make the world safer."

The acquisition is subject to customary closing conditions, including the receipt of Mandiant stockholder and regulatory approvals, and is expected to close later this year. Goldman Sachs & Co. LLC is acting as exclusive financial advisor, and Wilson Sonsini Goodrich & Rosati P.C. is acting as legal advisor to Mandiant. For more information, see Google Cloud's press release.

23. On March 31, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

24. The Proxy fails to disclose material information regarding Mandiant's financial projections, specifically: the line items underlying the projections.

25. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

26. The Proxy fails to disclose material information regarding the financial analyses conducted by Goldman Sachs & Co. LLC ("Goldman Sachs"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27. Regarding Goldman Sachs' Illustrative Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by Goldman Sachs (ii) the inputs and assumptions underlying the discount rates, perpetuity growth rates, and multiples utilized by Goldman Sachs; and (iii) the net debt and fully-diluted shares outstanding utilized by Goldman Sachs.

28. Regarding Goldman Sachs' Illustrative Present Value of Future Share Price Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rates and multiples utilized by Goldman Sachs; and (ii) the net debt and fully-diluted shares outstanding utilized by Goldman Sachs.

29. Regarding Goldman Sachs' Premia Paid Analysis, the Proxy fails to disclose: (i) the transactions utilized by Goldman Sachs; and (ii) the premia paid in the transactions utilized by Goldman Sachs.

**COUNT I**

**Claim Against the Individual Defendants and Mandiant for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in

light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Mandiant is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Mandiant within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Mandiant and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: April 8, 2022

GRABAR LAW OFFICE

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*